# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In Re:

Settlement Facility Dow Corning Trust,

Rosalie Maria Quave,

        Appellant.

_____/

Case No. 07-CV-12378

Honorable Denise Page Hood

## MEMORANDUM OPINION AND ORDER

**I.    BACKGROUND**

Claimant Rosalie Maria Quave is a rupture claimant before the Settlement Facility–Dow Corning Trust ("SF-DCT") pursuant to the Amended Joint Plan of Reorganization ("Plan") in the Dow Corning Corporation ("Dow Corning") bankruptcy action. Ms. Quave received implants in 1973. The implants were removed in January 1994. Ms. Quave submitted a rupture claim to the SF-DCT which was eventually denied by the Claims Administrator. Ms. Quave appealed the Claims Administrator's decision to the Appeals Judge. The Appeals Judge affirmed the Claims Administrator's decision on August 21, 2006. (Quave Appeal Ex.) Ms. Quave submitted an April 25, 2007 letter to the Court appealing the Appeals Judge's decision.

On June 27, 2007, Dow Corning filed the instant Motion to Dismiss the Appeal pursuant to the Settlement Facility and Fund Distribution Agreement ("SFA"), Annex A, Section 8.05 and Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). To date, no response has been filed to the motion by Ms. Quave and Ms. Quave did not appear at the scheduled November 29, 2007 hearing.

**II.    ANALYSIS**

### A. Right to Appeal under the Plan

Ms. Quave seeks a review from the Court to determine whether anything can be done to approve her claim. Ms. Quave submitted certain medical records and a November 17, 2006 letter from Pierre Blais, Ph.D., F.C.I.C. supporting her rupture claim. Ms. Quave's papers do not cite any legal authority to support her argument that the Court has the authority to review the Appeals Judge's decision.

Dow Corning argues that the settlement program in the Plan is intended to be an administrative process for claimants who elect to have their claims resolved under the settlement option. Dow Corning claims that the Plan delegates decisions regarding allowance of settling claims to the Claims Administrator and the SF-DCT staff. (SFA, § 4.02(a)) A claimant who does not agree with the SF-DCT findings may seek reconsideration of the claim through an error correction and appeal process. (SFA, Annex A, Art. VII) If dissatisfied with the reconsideration decision, the claimant may seek review by the Claims Administrator and then appeal that decision to the Appeals Judge. (SFA, Annex A, § 8.02) The decision of the Appeals Judge is final and binding on the claimant. (SFA, Annex A, § 8.05) Dow Corning claims that Ms. Quave has exhausted her remedies under the Plan and her attempt to appeal the Appeals Judge's decision is barred by the Plan.

Section 8.7 Amended Plan of Reorganization states that this Court retains jurisdiction to resolve controversies and disputes regarding the interpretation and implementation of the Plan and the Plan Documents, including the SFA, and, to enter orders regarding the Plan and Plan Documents. (Plan, §§ 8.7.3, 8.7.4, 8.7.5) The Plan provides for the establishment of the SF-DCT, which is governed by the SFA. (Plan, § 1.131) The SF-DCT was established to resolve Settling Personal Injury Claims in accordance with the Plan. (Plan, § 2.01) The SFA and Annex A to the SFA

establish the exclusive criteria by which such claims are evaluated, liquidated, allowed and paid. (SFA, § 5.01) Resolution of the claims are set forth under the SFA and corresponding claims resolution procedures in Annex A. (SFA, § 4.01)

The Plan establishes administrative claim review and appeals processes for Settling Personal Injury claimants. As argued by Dow Corning, any claimant who does not agree with the decision of the SF-DCT may seek review of the claim through the error correction and appeal process. (SFA, Annex A, Art. 8) A claimant may thereafter obtain review by the Appeals Judge. (SFA, Annex A, Art. 8) The Plan provides that "[t]he decision of the Appeals Judge will be final and binding on the Claimant." (SFA, Annex A, § 8.05) Claimants who seek review under the Individual Review Process also have a right to appeal directly to the Appeals Judge. The Plan provides that "[t]he decision of the Appeals Judge is final and binding on both Reorganized Dow Corning and the claimant." (SFA, Annex A, § 6.02(vi))

The Plan provides no right to appeal to the Court and expressly sets forth that the decision of the Appeals Judge is final and binding on both the Reorganized Dow Corning and the claimants. Allowing the appeal to go forward and directing the Claims Administrator to pay the rupture claim would be a modification of the Plan language. Generally, the provisions of a confirmed plan bind the debtor and any creditor. 11 U.S.C. § 1141(a). Section 1127(b) is the sole means for modification of a confirmed plan which provides that the proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of the plan. 11 U.S.C. § 1127(b).

"In interpreting a confirmed plan courts use contract principles, since the plan is effectively a new contract between the debtor and its creditors." *In re Dow Corning Corporation,* 456 F.3d 668,

3

676 (6th Cir. 2006); 11 U.S.C. § 1141(a). "An agreed order, like a consent decree, is in the nature of a contract, and the interpretation of its terms presents a question of contract interpretation." *City of Covington v. Covington Landing, Ltd. P'ship,* 71 F.3d 1221, 1227 (6th Cir. 1995). A court construing an order consistent with the parties' agreement does not exceed its power. *Id.* at 1228.

The Plan's language is clear and unambiguous that the decision of the Appeals Judge is final and binding on the claimants and the Reorganized Dow Corning. The Court has no authority to modify this language. Although bankruptcy courts have broad equitable powers that extend to approving plans of reorganization, these equitable powers are limited by the role of the bankruptcy court, which is to "guide the division of a pie that is too small to allow each creditor to get the slice for which he originally contracted." *In re Dow Corning,* 456 F.3d at 677-78 (quoting *In re Chicago,* 791 F.2d 524, 528 (7th Cir.1986)). "A bankruptcy court's exercise of its equitable powers is cabined by the provisions of the Bankruptcy Code." *Id.* at 678 (citing *In re Highland Superstores, Inc.,* 154 F.3d 573, 578-79 (6th Cir.1998)). Ms. Quave has not shown that the Court has the authority to exercise its equitable powers outside the clear and plain Plan language. The Court cannot consider Ms. Quave's request to review the Appeals Judge's decision denying her claim.

**B.     Expert Report**

As to Ms. Quave's claim that the Court should consider a report from Dr. Blais to support her rupture claim, Dow Corning argues that the Appeals Judge acted properly in not considering the report because the report is non-contemporaneous and is authored by a non-medical professional. Dow Corning further argues that the Plan is specific as to the type of proof required to show rupture and the report from Dr. Blais does not satisfy the proof required under the Plan. Although Dr. Blais' report has been accepted to prove product identification, Dow Corning argues the report has not

been used to establish rupture since the requirements to show product identification and rupture are different under the Plan. Dow Corning claims the Plan is specific as to what is required to establish rupture.

At the hearing, the Claimants Advisory Committee ("CAC") agreed that the issue before the Court is a plan interpretation issue and that the parties are working through the process. The CAC requested during the hearing that the Court's decision be stayed until the parties go through the process. Dow Corning responded that the Plan still bars any appeals from the Appeals Judge's decision, therefore, there is no need to defer the Court's ruling.

Section 5.05 of the SFA provides that the Debtor's Representatives and the CAC may submit joint interpretations and clarifications regarding submissions of claims to the Claims Administrator. If there is a dispute between the Debtor's Representatives and the CAC, the Claims Administrator may resolve the issue or the issue may be raised before the Court by way of a motion pursuant to the June 11, 2004 (Doc. No. 53) Stipulation and Order Establishing Procedures for Resolution of Disputes Regarding Interpretation of the Amended Joint Plan ("Procedures"). Section 2.01 of the Procedures provides that "these procedures will apply to disputes arising out of the interpretation or application of the Claims Resolution Procedures–Annex A to the Settlement Facility Agreement–and any claims operations functions set out in the Settlement Facility Agreement." (Plan Interpretation Procedures, § 2.01(a)) After a meet and confer period and submitting the issue before the Claims Administrator, either party may bring the matter before this Court. (Plan Interpretation Procedures, § 2.01(c) and (d)) The SFA and the Procedures authorize only the Debtor's Representatives and the CAC to file a motion to interpret a matter under the SFA. There is no provision under the SFA or the Procedures which allows a claimant to submit an issue to be

5

interpreted before the Court.

Because the parties have agreed to resolve the issue of whether expert opinion may be used to determine rupture through the Procedures set forth in the June 11, 2004 Order and the matter has not been raised before the Court by the parties in accordance with the Procedures, the Court will not interpret the expert opinion issue raised by Ms. Quave at this time. Ms. Quave does not have the authority under the SFA or the Procedures to raise an interpretation issue before the Court.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Dow Corning's Motion to Dismiss Ms. Quave's Appeal from the Appeals Judge's decision **(Doc. No. 2, 6/27/2007)** is GRANTED since Ms. Quave has no right to appeal the Appeals Judge's decision.

IT IS FURTHER ORDERED that this matter is DISMISSED with prejudice.

                                                                  /s/ Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: March 31, 2008

---

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on this date, March 31, 2008, by electronic means and/or first class U.S. mail.

                                                                   S/Sakne Srour
Deputy Clerk